**In re Jack Warren JENKINS and Eleanor Ann Jenkins, Debtors.**

**Jack W. JENKINS and Eleanor Ann Jenkins, individuals, Plaintiffs-Appellants,**

v.

**Trudi PEET; Aspen Chateaux Mortgage Company, Inc., a Colorado corporation; Bank of Roaring Fork: Megapolitan Mortgage Co.; Public Trustee of Garfield County; and Public Trustee of Pitkin County, Defendants-Appellees.**

Civ. A. No. 81–K–1591.
Bankruptcy No. 81–K–1812.

United States District Court,
D. Colorado.

March 31, 1982.

As Amended on Denial of Rehearing
April 15, 1982.

John A. Meininger, Sterling & Simon, Denver, Colo., for Jenkins.

Carl A. Eklund, DiManna, Eklund & Jackson, Denver, Colo., for Peet & Bank of Roaring Fork.

Marcia Krieger, Mason, Reuler & Peek, Denver, Colo., Ronald Austin, Aspen, Colo., for Aspen Chateaux Mortg.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This bankruptcy appeal is brought by the debtors-in-possession, the Jenkins, to review an order of Bankruptcy Judge Glen E. Keller, Jr., dismissing the Jenkins' complaint for enforcement of an automatic stay under 11 U.S.C. § 362(a) regarding four deeds of trust in the final stages of foreclosure. This court has subject-matter jurisdiction to hear this appeal under Pub.L.No.95–598, title IV, § 405(c)(1)(C), 92 Stat. 2549, 2685 (1978). I find the conclusions of law erroneous, reverse and remand.

## I. BACKGROUND

The Jenkins were the owners of four separate parcels of realty in Pitkin and Garfield Counties, Colorado that were subject to deeds of trust for the benefit of certain appellees. After foreclosure proceedings, public sales and issuance of certificates of purchase to those appellees, the Jenkins filed a Chapter 11 bankruptcy petition, on July 6, 1981, and an order of relief was issued.

At the time of filing their petition, the Jenkins' right of redemption, pursuant to C.R.S. § 38–39–102(1), had expired on one of the parcels for which a public trustee's deed had already issued. The bankruptcy court's decision regarding that parcel was not appealed. The redemption period had also run on the second parcel, a platted lot, but the purchaser at the sale had not yet applied for a public trustee's deed. On a third property, labelled Parcel A in the bankruptcy court and known as St. Finnbarr Farm, the redemption period was to expire on the day the Chapter 11 petition was filed, July 6, 1981. On the fourth parcel, the Jenkins' residence, labelled Parcel B in the bankruptcy court, the redemption period was to expire on August 10, 1981.

On August 6, 1981, the Jenkins filed their complaint in the bankruptcy court for enforcement of the automatic stay, as provided by 11 U.S.C. § 362(a), of creditor enforcement of liens. The Jenkins alleged that, as debtors in possession, they were possessed of a substantial equity in the properties,[1] that those appellees foreclosing

1. The Jenkins offered, in the hearing below: expert testimony that St. Finnbarr Farm was

deeds of trust were adequately protected by their security, and that the Jenkins' equity in the properties was essential to any effective reorganization under Chapter 11. They asserted that the automatic stay provision of 11 U.S.C. § 362(a)(1) tolled the redemption period. They further asserted that the appellees holding certificates of purchase remained mere lienholders within the meaning of 11 U.S.C. § 362(a)(4) and were consequently automatically stayed from applying for public trustee's deeds.

Appellees contended that nothing in Section 362 tolls the running of the redemption period beyond the 60-day period of 11 U.S.C. § 108, which has now expired, and that their application for deeds and the issuance of deeds by the public trustee are not acts "to create, perfect, or enforce any lien against property of the estate" that are stayed by 11 U.S.C. § 362(a)(4).

The bankruptcy judge held that, under Colorado law, the holder of a certificate of purchase

> possesses the bundle of rights attributable to ownership and has but to request the issuance of deed for the vestment of title,

while the debtor/mortgagor has no remaining interest in the property except for

> the rights to redeem, and, failing that, an expectancy in the event of laches by the mortgagee.

*In re Jenkins*, 13 B.R. 721, 726 (Bkrtcy.D. Colo.1981). The court therefore found the automatic stay provision of 11 U.S.C. § 362 inapplicable, and dismissed the Jenkins' complaint. *Id.* at 726.

## II. DISPOSITION OF THIS APPEAL

On appeal the Jenkins present two issues:

1. What property interest did they have in the three parcels at the time of filing the petition? and,

2. Did the automatic stay provision of 11 U.S.C. § 362 apply to protect that interest?

---

worth $3.6 million, with $1.3 million debt and $2.3 million equity; Mr. Jenkins' own testimony that his home was worth $175,000, with $163,000 debt and $12,000 equity; and an ina-

### A. *Applicable Colorado Property Law*

All parties to this appeal agree that Colorado property law determines what property forms the estate under 11 U.S.C. § 541, and is therefore protected by the bankruptcy code. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–918, 59 L.Ed.2d 136 (1979). The Jenkins argue that, under Colorado law, a mortgagor's title in his property continues, subject only to the mortgagee's lien, until a public trustee's deed is issued following foreclosure. The appellees, on the other hand, contend that a mortgagor's title divests at the foreclosure sale, subject only to possible revestment if the mortgagor pays the sale price within the redemption period, or if the purchaser fails properly to obtain a deed to the property. Accordingly, the appellees argue, during the redemption period the mortgagee's only interest in the property is the right to redeem, and this interest expires automatically at the end of the redemption period.

In *Green v. Hoefler*, 115 Colo. 287, 289–90, 173 P.2d 208, 209 (1946), the Colorado Supreme Court addressed this issue:

> Whatever may have been the legal status of a certificate of purchase prior to the enactment of the amendment of 1937, under that statute *the holder of a certificate of purchase does not have equitable title to the property*, requiring only the ministerial act of the proper officer to become a legal title; *instead, he has a lien thereon* with right to receive the redemption money or, if no redemption is made, the right, upon demand, to receive official deed thereto. Under that act it is provided that it shall be deemed that such lien became due and payable on the date that the person became entitled to such deed, and that *upon the issuance and delivery of the deed, and not until then, title should vest in the grantee.* '. . . the general rule is that the issuance of the

bility to establish an equity value in the remaining parcel involved in this appeal, the platted lot. (R., Vol. II, p. 3)

certificate, although it operates to extinguish the mortgage lien, and, in some jurisdictions, itself creates a statutory lien in favor of the purchaser, is not a deed and does not pass a title to the land itself, *nor does it divest the mortgagor of his title,* so that if a deed is not executed and delivered to the holder of the certificate within the time limited by statute, . . . *the mortgagor . . . [is] never divested of [his] title.'*

(emphasis added, quoting 42 C.J. 279, § 1948). This language appears clearly to support the Jenkins' argument that the mortgagor retains title until the public trustee's deed is issued. The bankruptcy judge noted this, but reached the opposite conclusion, relying on two recent Colorado Court of Appeals decisions that he found had "refined" *Green v. Hoefler. In re Jenkins,* at 725.

In the first of these cases, *Baber v. Baber,* 28 Colo.App. 530, 474 P.2d 630 (1970), the court considered a dispute between a purchaser at a sheriff's sale following the foreclosure of a senior lien and a junior lienholder. In determining their respective rights the court stated:

> When the owner's right of redemption expires, all of his right, title and interest in and to the land is extinguished. See *Ross v. Nichols,* 25 Colo.App. 409, 138 P. 1013 [ (1914) ]; *Plains Loan, Realty & Investment Co. v. Hood,* 76 Colo. 322, 230 P. 1008 [ (1924) ]. This same rule applies to the interests of lien holders who have a right to redeem.

474 P.2d at 631. The court then concluded that the junior lienholder's rights com-

pletely expired at the end of his redemption period, which follows the owner's redemption period. *Id.* See generally C.R.S. § 38–39–103.

The bankruptcy judge in the present case extended the rule enunciated in the first sentence of this quotation, concluding that most of an owner's rights are extinguished at the *beginning* of the redemption period. *In re Jenkins,* at 725–726. During the redemption period, the bankruptcy judge concluded, the owner has "only the rights to redeem and, failing that, of expectancy in the event of the laches of the mortgagee." *Id.* at 726. The bankruptcy judge further concluded, after the redemption period expires, "[t]he only avenue for revestment of full ownership in the property . . . is for the passage of a period of 15 months with no action being taken by the holder of the certificate of purchase." *Id.*

I reject these conclusions. First, the bankruptcy judge incorrectly extended the *Baber* statement when he concluded that most of an owner's rights expire at the beginning of the redemption period, rather than at the end. Second, I believe that the *Baber* statement incorrectly applies *Green v. Hoefler,* which clearly stated that the owner's title is not divested until the public trustee's deed is issued.[2]

In the second case relied on by the bankruptcy judge, *Emerick v. Greene,* 40 Colo.App. 246, 575 P.2d 441 (1977), the court resolved a conflict between the property rights of a landowner[3] and a purchaser at a foreclosure sale. The court repeated the previously quoted statement of *Baber v. Baber* and defined the issue as

---

2. *Baber* did not actually involve an owner's rights, but instead considered a junior lienholder's rights. Because a junior lienholder never has more than a right of redemption during foreclosure, the *Baber* holding does not conflict with *Green v. Hoefler.* The conflict arises because *Baber* states that the same rule applies to owners. This statement, made in reliance of two cases decided before the 1937 statutory changes noted in *Green v. Hoefler,* conflicts directly with that case and therefore is erroneous dictum.

3. The court actually considered the respective property rights of a purchaser at a foreclosure sale and one Foster, who had executed a judgment lien on the property against the original owner, Greene. 575 P.2d at 442. Because Foster had obtained all of Greene's rights, the analysis is the same as if the dispute had been between the owner and the purchaser at a foreclosure sale.

whether any rights are reinstated where, as here, the purchaser at the foreclosure sale fails to obtain a sheriff's deed in compliance with the statute.

575 P.2d at 442. Although the court considered the issue one of reinstatement of rights, it held:

> In interpreting what is now § 38–39–111, C.R.S.1973, our Supreme Court held that *issuance of the certificate of purchase was not equivalent to a conveyance of title to land,* and that upon expiration of the redemption period, the certificate holder must either obtain a sheriff's deed within nine months or initiate a separate action to foreclose a lien granted by the statute within fifteen months. *Otherwise, the mortgagor and those persons 'entitled under him' are not divested of their title.*

*Id.* (emphasis added). This case is therefore consistent with the *Green v. Hoefler* holding that title remains in the mortgagor until the public trustee's deed is issued. I therefore reject the bankruptcy judge's conclusion that these two recent Colorado Court of Appeals cases held that a mortgagor does not have any property interest beyond a right of redemption during the redemption period and that his title is divested before the public trustee's deed is issued. Instead, following *Green v. Hoefler,* I conclude that a mortgagor retains title until the public trustee's deed is issued.

In support of his conclusion that the mortgagor did not retain title during the redemption period, the bankruptcy judge also noted that the mortgagor, during this period,

> has no right under Colorado law for the use of the property, no right to receive rents or profits from the property, no right to sell or encumber the property, and none of the bundle of other rights

which normally are incidents of ownership.

*In re Jenkins,* at 726. I also reject this conclusion:

> During the redemption period, the mortgagor continues to be the "owner" for certain purposes. He has the right of possession and his 'title' is not divested until the sheriff's deed is delivered. Even after the standard redemption period has expired, the mortgagor has an insurable interest and is entitled to the full amount of the insurance in the event of a loss.

Storke & Sears, *Statutory Redemption in Colorado,* 30 Dicta 79, 91 (1953) (citations omitted). See also C.R.S. § 38–39–113; *Erwin v. West,* 105 Colo. 71, 99 P.2d 201 (1939). Even if the Jenkins' property rights were restricted during the redemption period, they were not extinguished.

Appellees also argue that the Jenkins were already divested of title, when they encumbered the property, by the "grant and convey" language in the deeds of trust that they executed. This argument is contrary to C.R.S. § 38–35–117:

> ... trust deeds ... shall not be deemed a conveyance (sic), regardless of its (sic) terms, ... but the same shall be deemed a lien.

See also *McGovney v. Gwillim,* 16 Colo.App. 284, 65 P. 346 (1901).[4]

## B. Application of the Bankruptcy Code

From the previous analysis it is clear that the Jenkins had a substantial interest under Colorado law in the properties when they filed their bankruptcy petition. The remaining question in this case is whether the automatic stay provided by 11 U.S.C. § 362 tolled the running of the redemption period, and whether it prohibited the appellees from applying for public trustee's deeds.

---

4. Appellees also cite C.R.S. § 38–39–111(2), which provides that the right of redemption of a holder of a certificate of purchase transforms into a lien after nine months of its effective date. Appellees argue that this implies that the holder must have a greater right, i.e., title, before the nine-month period expires. I reject this argument. A greater right may be something other than title, and I have concluded in this opinion that it is not title.

11 U.S.C. § 362 provides, in pertinent part:

(a) . . . a petition filed . . . operates as a stay, applicable to all entities, of—(1) the commencement or continuation . . . of a judicial, administrative, or other proceeding against the debtor that was· . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> .      .      .      .      .

(4) any act to create, perfect, or enforce any lien against property of the estate;

Whether 11 U.S.C. § 362(a)(1) tolls the running of the redemption period is, as the bankruptcy judge pointed out, a question of first impression. In *In re Johnson*, 8 B.R. 369 (Bkrtcy.D.Minn.1980), the court noted that this issue was one of first impression. However, rather than determine whether there was an automatic stay, the court, under its general equitable powers, enjoined the running of the redemption period. The court held:

> The risk of loss to the estate and the unsecured creditors thereof, due to piecemeal distribution of the estate and loss of equity in property of the estate, outweighs the potential loss to the creditors having a secured claim on the property.

(Conclusion of Law 3). In the present case the bankruptcy judge was concerned that tolling the redemption period might enlarge the debtor's estate. *In re Jenkins*, at 726. I conclude, however, that tolling the redemption period only preserves, for the purpose of orderly bankruptcy proceedings, those property rights which I have found to be possessed by the debtor at the time of filing.

Even if section 362(a)(1) does not stay the issuance of public trust deeds, section 362(a)(4) does. Its plain language directs the enforcement of any lien to be stayed. Appellees' reliance on *In re Trigg*, 630 F.2d 1370 (10th Cir. 1980), is misplaced. In that case the court held that the automatic stay provision was inapplicable to leases that terminated on their own terms from nonpayment of rent. *Id.* at 1373. In contrast, title will only pass to the appellees in this case when they act upon their liens. Such action is stayed by section 362(a)(4).

■ Accordingly, I hold that the automatic stay provisions of 11 U.S.C. § 362(a)(1) tolls the redemption period on those two parcels as to which the redemption period had not yet expired when the bankruptcy petition was filed, and I hold that the automatic stay provision of 11 U.S.C. § 362(a)(4) prohibits application for public trustee's deeds on all three of the parcels involved in this appeal.[5]

IT IS ORDERED that the bankruptcy court's order is reversed and remanded for further proceedings consistent with this opinion.

DATED at Denver, Colorado this 31st day of March, 1982.

---

**5.** Nothing in this opinion, however, prevents the bankruptcy court from granting a motion by the appellees for relief from the automatic stay, under 11 U.S.C. § 362(d)(2), as in any other situation where the automatic stay applies. As to that parcel on which the redemption period has run, the debtor has, in effect, no equity because he cannot now redeem, and therefore the principal criterion for relief under section 362(d)(2) appears to be present. As to the other two parcels, the bankruptcy court might well·determine, in view of the owner's substantial equity (if such equity actually exists), that relief from the stay would not be appropriate. These questions, however, must first be addressed by the bankruptcy court.