731 F.2d 543
 11 Bankr.Ct.Dec. 1219, Bankr. L. Rep. P 69,791
 In re John W. MARTINSON and Linda L. Martinson, d/b/a
Martinson Brothers, Debtors.
John W. MARTINSON and Linda L. Martinson, d/b/a Martinson
Brothers, Appellees,
v.
FIRST NATIONAL BANK OF OAKES, Appellant.
 No. 83-1219.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 13, 1984.
Decided April 3, 1984.
 
 Roger J. Minch of Tenneson, Serkland, Lundberg, Erickson & Marcil, Ltd., Fargo, N.D., for appellant.
 Alan Grindberg, Steele, N.D., for Tom Brigham, trustee Martinson Chapter 7 bankruptcy estate.
 Before BRIGHT, ROSS and FAGG, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 First National Bank of Oakes (Bank) appeals from the district court's[1] order granting debtors John and Linda Martinson additional time to redeem certain real estate upon which the Bank had obtained a judgment of foreclosure. The Bank contends that the district court possessed no authority under section 108(b) of the Bankruptcy Reform Act, the governing statute in this case, to extend the period of redemption. We agree with the Bank and reverse that part of the district court's order granting the Martinsons additional time to redeem their property.
 
 
 2
 In late 1980, the Bank obtained a judgment of foreclosure upon real estate that the Martinsons had mortgaged to secure repayment of a loan. On February 17, 1981, the Bank purchased the real estate at the foreclosure sale, in accordance with North Dakota foreclosure procedures. Under North Dakota law, the Martinsons retained a statutory right to redeem their property within one year, or by February 17, 1982. See N.D.Cent.Code Secs. 28-23-11, 28-24-01 to 28-24-02 (1974). On October 17, 1981, when four months remained on the period for redemption, the Martinsons filed a petition in bankruptcy under chapter 11. The Martinsons did not redeem their property within those four months, but on December 4, 1981, with seventy-five days remaining on the statutory period of redemption, they petitioned the bankruptcy court to restrain the Bank from obtaining full title to the mortgaged property at the expiration of the redemption period. On March 12, 1982, several weeks after the period of redemption had passed, the bankruptcy court granted the Martinsons relief, ruling that the Bankruptcy Reform Act's automatic stay provision, 11 U.S.C. Sec. 362(a), operated to suspend the running of the redemption period as of October 17, 1981, the day the chapter 11 petition had been filed. The Bank appealed.
 
 
 3
 On January 12, 1983, the district court reversed the bankruptcy court's order. Rejecting the application of the automatic stay provision, the district court ruled that section 108(b) of the Act governed the suspension of the time in which the Martinsons could exercise their right of redemption. See Johnson v. First National Bank, 719 F.2d 270, 277-78 (8th Cir.1983). Section 108(b) provides that when the debtor
 
 
 4
 may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee[2] may only file, cure, or perform, as the case may be, before the later of--
 
 
 5
 1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
 
 2) 60 days after the order for relief.[3]
 
 6
 11 U.S.C. Sec. 108(b).
 
 
 7
 Because the statutory redemption period expired more than sixty days after the filing of the petition for bankruptcy, the district court ruled that "[t]he time provided by section 108 for extension under the circumstances of this case is the end of the one year redemption period, including any suspension that has occurred on or after the filing of the Chapter 11 petition." (Emphasis added.) After observing that seventy-five days remained in the redemption period when the Martinsons sought an order restraining the Bank from obtaining full title to their property (December 4, 1981 to February 17, 1982), the district court allowed the Martinsons seventy-five days from the date of its order, or until March 28, 1983, to exercise their right of redemption.
 
 
 8
 Nothing in the language of section 108(b) authorized the district court to extend the redemption period in this case. Section 108(b) provides in mandatory terms that when the period in which the debtor may "cure a default" has not expired as of the filing of the petition in bankruptcy, the trustee or debtor "may only" cure the default "before the later of 1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and 2) 60 days after the order for relief." Because the statutory redemption period expired on February 17, 1982, more than sixty days after the filing of the petition for bankruptcy, section 108(b) permitted the Martinsons only until that date to redeem their property. Although section 108(b)(1) provides for the extension of the period of redemption when there has been a "suspension of such period occurring on or after the commencement of the case," the redemption period was not suspended on December 4, 1981, when the Martinsons filed a complaint requesting an order restraining the Bank from obtaining full title to the property. Because the bankruptcy court's order suspending the redemption period came after the expiration of the redemption period, the suspension language of section 108(b)(1) is not applicable.
 
 
 9
 We conclude, therefore, that the Martinsons' right to redeem their property expired on February 17, 1982, and that the district court erred in allowing them additional time to exercise a right of redemption. Accordingly, we reverse that portion of the district court's January 12, 1983 order granting the Martinsons until March 28, 1983 to redeem their property, and direct the district court to enter an order consistent with this opinion which establishes that the Martinsons' right to redeem terminated on February 17, 1982.
 
 
 
 [1]
 The district court's opinion is reported at 26 B.R. 648 (D.C.D.N.D.1983)
 
 
 [2]
 Although the words of section 108(b) empower only the trustee to act, the statute also applies to a debtor-in-possession. See 11 U.S.C. Sec. 1107 (with limited exceptions, debtor-in-possession has rights of trustee under chapter 11); see also Johnson v. First National Bank, supra, 719 F.2d at 278 n. 11; In re Interstate Restaurant Systems, Inc., 26 Bankr. 298, 301 (Bkrtcy.S.D.Fla.1982)
 
 
 [3]
 The words "order for relief" refer to the commencement of a voluntary petition for bankruptcy. 11 U.S.C. Sec. 301. See 4 Collier on Bankruptcy, p 301.07, at 301-10 to 301-11 (15th ed. 1983)