**In the Matter of Thomas G. ROBERSON and Susan E. Roberson, Debtors.**

**Bankruptcy No. 85–1206.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 20, 1985.

**38**

Langfred W. White, Tampa, Fla., for debtors.

Larry M. Foyle, Tampa, Fla., for movant.

## ORDER ON MOTION TO MODIFY STAY AND FOR OTHER RELIEF

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Modify Stay and for Other Relief filed by NCNB National Bank of Florida (NCNB). The facts relevant to a resolution of the controversy under consideration, which are without dispute, can be summarized as follows:

The Debtors executed and delivered a promissory note and mortgage to NCNB. Subsequently, the Debtors defaulted on the indebtedness and NCNB brought a foreclosure action in state court. A Final Judgment of Foreclosure was entered on April 3, 1985 and the property securing the indebtedness was, of course, scheduled to be sold at public auction to the highest bidder for cash. It should be noted that the Final Judgment is actually dated April 3, 1983, but this appears to be incorrect in that the Final Judgment was, in fact, actually entered on April 3, 1985. On May 7, 1985, the property was sold at the duly noticed foreclosure sale pursuant to the Final Judgment of Foreclosure.

On May 14, 1985, or one week after the foreclosure sale, but three days prior to the expiration of the statutory redemption period, the Debtors filed their Voluntary Petition for Relief under Chapter 11 of the Code, which of course alerted NCNB of a possible impact of the automatic stay ordinarily triggered by the commencement of a case under Title 11. For this reason, NCNB wasted no time and filed its Motion and sought relief from the automatic stay.

Both NCNB and the Debtor agree that under Florida law, title to real property sold at public auction, pursuant to a Final Judgment of Foreclosure does not pass to the purchaser until the Clerk of the Court files a Certificate of Title, F.S. 45.031(4) 1984. The Certificate of Title is filed by the Clerk ten days following the sale if no objections to the sale are filed. During this ten day period, the judgment debtor may redeem the property by satisfying the Final Judgment in full. *Cooper Smith Properties, Ltd. v. Flowers Baking Co. of Florida, Inc.*, 432 So.2d 683 (Fla. 5th DCA 1983), pet. for rev. dismissed, 438 So.2d 831.

It is NCNB's position, based upon the facts as outlined above, that the automatic stay should be lifted, for "cause" so that the Clerk of the Circuit Court may file a Certificate of Title. In the alternative, NCNB prays that the Debtors be required to make adequate protection payments equal to the interest accrual during the 60 day extension period. The Debtors in their Response to the Motion contend that they offered monthly interest payments to NCNB as adequate protection; that the Debtors have equity in the subject property; and the Debtors propose in their Plan of Reorganization to refinance the property which would generate sufficient funds not only to satisfy in full the obligation owed to NCNB, but also to satisfy other obligations of the Debtors. Therefore, the property is needed for reorganization.

It should be noted at the outset that neither contentions advanced by the parties focus on the real issue involved in the matter under consideration. Both the Motion of NCNB and the Response filed by the Debtor involve the question of presence or absence of "cause", the question of lack of adequate protection, and the presence or absence of equity in the property; none of which have any relevance to the matter under consideration. For instance, NCNB seeks, as an alternative, adequate protection equal to the interest accrual and the

Debtors seek to escape the consequences of their default by assertion of equity in the subject property and a liquidation of the subject property as part of a plan of reorganization, which according to the Debtors should generate sufficient funds to satisfy all obligations owed to NCNB. For the reasons set forth below, this Court concludes that the positions taken by both NCNB and the Debtors are not supported by the applicable provisions of the Code.

Contrary to the approach taken, both by NCNB and the Debtor, the real question whether the automatic stay imposed by § 362(a) of the Bankruptcy Code still shields the subject property or the only protection albeit only to a limited extent available under § 108 of the Bankruptcy Code which deals with extension of certain time periods. The default extension provided by § 108(b) of the Code provides, in fact, as follows:

> § 108 Extension of time
>
> (b) Except as provided in subsection (a) of this section, if applicable non-bankruptcy law, an order entered in a non-bankruptcy or an agreement fixes a period within the debtor or an individual protected under § 1301 of this title may file any pleading, demand, notice of proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occuring on or after the commencement of the case; or
>
> . . .

A number of courts have considered this question including this Court in the case of *Sarasota Land Co. v. Barnett Bank of Sarasota, N.A. (In re Sarasota Land Co.),* 36 B.R. 563 (Bankr.M.D.Fla.1983) where this Court concluded,:

> "Because § 108(b) of the Bankruptcy Code specifically addresses the rights of the trustee or the debtor-in-possession, § 108 is controlling and § 362 is rendered inapplicable. See, *In re Martin-*

*son,* 26 B.R. 648, 653 (C.D.N.D.1983). According, § 362 does not toll or suspend the running of a statutory redemption period."

The most recent decision on this point was handed down by the Sixth Circuit Court of Appeals in *In re Glenn,* 760 F.2d 1428, 12 BCD 1385 (6th Cir.1985), in which case the Court held that the automatic stay no longer protects the property of the debtor after the foreclosure sale. The Court of Appeals specifically recognized and adopted the holding and reasoning of the Eighth Circuit Court of Appeals in *Johnson v. First National Bank,* 719 F.2d 270, 275 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). In that case, the debtors filed their Petition for Relief under Chapter 11, subsequent to a foreclosure sale but approximately three weeks prior to the expiration of the redemption period which was available under the applicable state law. The Bankruptcy Court enjoined the mortgagee from pursuing any further action with respect to the property and also stayed the running of statutory redemption period. Although the bankruptcy court had based its order on the broad powers conferred by § 105 of the Bankruptcy Code, the Debtors argued, on appeal, that § 362 and § 108(b) also supported the Bankruptcy Court's ruling. The *Johnson* court rejected the Debtors' contentions, found that cases decided under the Bankruptcy Act of 1898 held that the automatic stay was not applicable and specifically found that there was no congressional intent discernable in the legislative history to change the pre-Code law with the passage of the Bankruptcy Code. Other courts have arrived at the same conclusion; *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981); *In re Cucumber Creek Development, Inc.,* 33 B.R. 820 (D.Colo.1983); *In re Martinson,* 731 F.2d 543 (8th Cir.1984); *Matter of Markee,* 31 B.R. 429 (Bankr.D.Idaho 1983); *In re Construction Leasing and Investment Corp.,* 20 B.R. 546 (Bankr.M.D.Fla.1982).

The reasoning of the *Bevan, supra* court is particularly relevant where it was stated that:

An interpretation of § 362(a) as an indefinite stay of the statutory period of redemption would render § 108(b) superfluous. If § 362 automatically stays the statutory right to redeem until the stay is lifted pursuant to § 362(c) or (d), the pertinent time allotments of § 108(b) are, completely extraneous as statutory time periods designed to control the trustee's activity. Moreover, if § 362(c) is interpreted to provide for the automatic stay of time periods for an indefinite amount of time, then subsections (a) and (b) of § 108 which define minimum and maximum time periods for the trustee to act, directly conflict with § 362(a). *Bevan, supra* at 994.

The Debtors rely on the cases of *In re Jenkins,* 19 B.R. 105 (D.Colo.1982) and *In re Johnson,* 8 B.R. 371 (Bankr.D.Minn. 1981). It is interesting to note, however, that both the Eighth Circuit in *Johnson v. First National Bank, supra* and the Sixth Circuit in *In re Glenn et ux, supra* considered the *Jenkins* and *Johnson* cases and specifically disapproved them. In addition, the district court in *Jenkins* cited by the Debtors now altered its position in the case of *In re Cucumber Creek Development, Inc., supra,* when the court stated that:

"I have had an opportunity in the past to address this question in a slightly different context. *In re Jenkins,* 19 B.R. 105 (D.C.Colo.1982). There, I ruled that § 362(a)'s automatic stay tolled the state redemption period to preserve 'those property rights which I have found to be possessed by the debtor at the time of filing.' 19 B.R. at 110. In *Jenkins,* however, I did not discuss or consider the applicability of 11 U.S.C. § 108 to such a case. Given an opportunity to consider the question here and to review the body of case law which has developed I now conclude that § 362(a) is inapplicable, and that state redemptive rights may be preserved and extended only to the extent provided by § 108."

Based upon the foregoing, this Court finds the argument of the Debtors to be unpersuasive. Section 362 does not toll the running of the state law redemption period and, in fact, is inapplicable to the circumstances presented by this case.

Based on the foregoing, this Court is satisfied that NCNB no longer needs the relief it seeks, therefore, its Motion shall be denied as moot. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Modify Stay and for Other Relief filed by NCNB National Bank of Florida be, and the same hereby is, denied without prejudice to proceed to apply for issuance of certificate of title unless the Debtors satisfy in full the final judgment of foreclosure.