**In re Glenn L. CRAWLEY and Laura D. Crawley, Debtors.**

**Bankruptcy No. 4–85–877.**

United States Bankruptcy Court, D. Minnesota.

Aug. 21, 1985.

Kenneth J. Rohleder, of Rohleder & Pitton, St. Paul, Minn., for John and Susan Joyce.

Ian T. Ball, of Rasmussen and Ball, Minneapolis, Minn., for debtors.

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned Judge on the motion of John and Susan Joyce for vacation of the automatic stay under 11 U.S.C. § 362. Based upon the following, I am denying the Joyces' motion for relief from the automatic stay.

## FACTS

Debtors and John and Susan Joyce (the Joyces) entered into a contract for deed in regard to property in St. Paul, Minnesota, on February 10, 1984. On April 8, 1985, the Joyces served the Debtors with a notice of cancellation of contract for deed pursuant to Minnesota Statute § 559.21. The Debtors had not made the February 1, March 1 and April 1, 1985, monthly payments due and owing under the contract for deed. On May 8, 1985, the Debtors filed their chapter 13 bankruptcy petition. Debtors have not made the May 1, June 1, July 1, 1985, contract for deed payments to date. Debtors are in arrears $3,600 ($600 per month). Debtors have filed their chapter 13 plan. This plan was confirmed on August 1, 1985. The plan proposes to pay the Joyces their arrearages at $400 per month until the debt is paid. The Debtors made an offer of adequate protection at the hearing which consisted of payment of $1,200 to the Joyces immediately, payment of $1,200 to the Joyces on September 1, 1985, and, institution of an automatic payroll deduction with Mr. Crawley's employer by September 1, 1985. The payments of $2,400 would not bring the arrearages current.

The cancellation of the Debtors' contract for deed required 30 or 60 days under M.S.A. § 559.21. The cancellation would

have been complete on May 9 or June 8, 1985, but for the bankruptcy filing.[1]

## DISCUSSION

The Joyces brought a motion to annul the automatic stay as it relates to their contract for deed, and/or a motion for relief from the automatic stay in order to complete their contract for deed cancellation, or, alternatively, for an order granting the Joyces adequate protection. The Joyces' motion is not clearly worded, but both counsels' argument at the hearing indicated this was the relief sought.[2] Joyces' counsel also requests a "protective order" requiring Debtors to pay all delinquencies immediately and to make timely payments in the future. This is, in effect, a request for adequate protection under 11 U.S.C. § 362.

The Court does have the power to annul the automatic stay pursuant to 11 U.S.C. § 362(d). This seems to me to be an extreme remedy. I do not think it should be granted except in very compelling situations where it can be shown that unusual and/or irreparable harm will be caused to a creditor if the stay is not annulled.

It appears that a "normal" relief from the stay request is not necessary or appropriate in this case for contract for deed cancellation purposes. The Joyces served their contract for deed cancellation notice on the Debtors on April 8, 1985. The Debtors filed bankruptcy on May 8, 1985. The contract for deed cancellation would have been effective on May 9 or June 8, 1985, but for the bankruptcy filing.

11 U.S.C. § 108(b) states that:

" . . . if applicable nonbankruptcy law . . . fixes a period within which the Debtor or an individual protected under § 1301 of this title may . . . cure a default, or perform any similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief."

In this case, the Joyces' contract for deed cancellation is governed by 11 U.S.C. § 108(b). The Debtors had a right to cure the default in the contract for deed with the Joyces by May 9 or June 8, 1985. The filing of the bankruptcy petition extended this time for cure to July 7, 1985. According to the facts in the affidavit of Mr. Joyce and the facts which the parties did not dispute, the contract for deed default was not cured in that time period. Thus, the contract for deed cancellation is effective and the Debtors' interest in the contract for deed was terminated as of July 7, 1985.

Debtors' counsel states that the contract for deed cancellation had not been completed as of the date of filing and that this means 11 U.S.C. § 108(b) does not apply to the case. In Minnesota, contracts for deed have been determined to be governed by 11 U.S.C. § 108(b). *R.E. Partners v. Hynnek, (In re Hynneck)*, CIV 3–83–1324 (D.Minn. April 10, 1984). The case of a contract for deed is also similar to that of a mortgage foreclosure and the resulting redemption period. The Eighth Circuit in *Martinson v. First National Bank of Oakes, (In re Martinson)*, 731 F.2d 543 (8th Cir.1984) and *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. den.*, 465 U.S.

---

1. I am unsure exactly how much of the purchase price has been paid on this contract for deed. Depending upon the amount paid, the contract cancellation requires 30 or 60 days notice. M.S.A. § 559.21, subd. 2.

2. Joyces' counsel requested that the Court vacate the automatic stay retroactively to April 8, 1985, the date of service of the cancellation notice upon the debtors. 11 U.S.C. § 362(d) does not speak in terms of "vacating" the automatic stay.

1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), held that 11 U.S.C. :§ 362 did not act as an extension of time in which to exercise a mortgage redemption right. The Eighth Circuit did hold that § 108(b) extended the time to redeem from a mortgage foreclosure by 60 days.

These cases are applicable here. Once the debtor is served with a contract for deed cancellation, no act remains to be done on the part of the contract for deed vendor who is cancelling the contract except waiting for the time to expire. The debtor may cure the default in the contract and thereby terminate the effect of the cancellation notice. However, no other act is necessary by the contract for deed vendor. The contract for deed vendor may wish to file the notice of cancellation of the contract for deed with the appropriate County Recorder's Office at a later date. However, this filing is not required of the contract for deed vendor in order to terminate the contract vendee's interest in a contract for deed. The contract for deed interest of the Debtors was terminated by virtue of the expiration of the appropriate time under M.S.A. § 559.21 and 11 U.S.C. § 108.

█ If the Joyces need to file any documents with the appropriate County Recorder to clear their title to the real estate subject to the contract, they may feel that they need relief from the automatic stay. 11 U.S.C. § 362(a)(3) I assume the Joyces' motion included this request. However, under 11 U.S.C. § 363(b)(3) and 11 U.S.C. § 546(b), the act of filing the notice of cancellation would not violate the automatic stay. *Victoria Grain Co. of Minneapolis v. Janesville Elevator Construction, Inc., (In re Victoria Grain Co. of Minneapolis)*, 45 B.R. 2 (Bkrtcy.D.Minn. 1984).

IT IS THEREFORE ORDERED that:

1. The motion of John Joyce and Susan Joyce for relief from the automatic stay is denied.