850 F.2d 443
 In re WHISPERING BAY CAMPGROUND, INC., a Minnesota
Corporation, Debtor.
WHISPERING BAY CAMPGROUND, INC., a Minnesota Corporation, Appellant,
v.
William T. FAGAN and Judy A. Fagan, Appellees.
 No. 87-5526.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1988.
Decided June 28, 1988.
 
 Michael J. McNamara, Minneapolis, Minn., for appellant.
 Richard D. Anderson, Minneapolis, Minn., for appellees.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Debtor, Whispering Bay Campground, Inc. (Whispering Bay), appeals from the district court's[1] order dismissing an appeal from the order of the bankruptcy court[2] granting William T. and Judy A. Fagan's motion for relief from the bankruptcy code's automatic stay. Both sides request Rule 38 sanctions against the other side for advancing meritless arguments on appeal. We affirm the courts below and deny sanctions.
 
 
 2
 The facts are not disputed. On May 22, 1984, the Fagans, as vendors, entered into a contract for deed with Franklin J. and Sandra L. Williams, as vendees, with respect to a parcel of real estate in Minnesota. The Williams had indicated to the Fagans their intent to operate the property through a corporation in order to avoid personal liability for corporate debts. On May 25, 1984, the Williams transferred their interest in the property by quitclaim deed to Whispering Bay, a Minnesota corporation incorporated on March 23, 1984, by the Williams, who were the officers and sole shareholders. On December 20, 1984, Whispering Bay conveyed by quitclaim deed a life estate interest in the property back to the Williams. All documents were duly recorded.
 
 
 3
 The contract with the Fagans went into default, and on May 16, 1987, the Fagans served the Williams' with a statutory Notice of Cancellation of the Contract for Deed. The notice specified that the Williams had sixty days to pay the accrued principal and interest of $16,000 or the contract would be cancelled. The notice did not name Whispering Bay.
 
 
 4
 On July 9, 1987, one week before the sixty-day redemption period expired, Whispering Bay filed for Chapter 11 bankruptcy. The Fagans filed a motion for relief from the automatic stay. The Fagans' initial position was that the Williams, who had not filed for bankruptcy before expiration of the redemption period, held title to the property. Whispering Bay sought dismissal of the motion on the ground that it held title.
 
 
 5
 On August 11, 1987, immediately prior to the scheduled hearing on the Fagans' motion for relief, the Fagans submitted a new memorandum of law, arguing this time that because Whispering Bay only had a "remainder" and not a possessory interest, the stay should be lifted to the extent necessary to permit the Fagans to proceed with an unlawful detainer action in state court to recover possession of the premises. The bankruptcy court denied Whispering Bay's request for time to reply in writing to the Fagans' new position, granted the relief sought by the Fagans, and denied a motion for stay pending appeal to the district court.
 
 
 6
 While Whispering Bay's appeal to the district court was pending, the Fagans proceeded in state court with an unlawful detainer action against both the Williams and Whispering Bay. On August 24, 1987, the state court entered judgment in favor of the Fagans, specifically finding that the "[d]efendants were served such that [Whispering Bay] was adequately apprised of the action." On October 8, 1987, Whispering Bay's appeal to the Minnesota Court of Appeals was denied as untimely.
 
 
 7
 On November 5, 1987, the district court in the instant action (identifying Whispering Bay's interest in the premises as a "reversionary" rather than a "remainder" interest) agreed with the bankruptcy court's decision lifting the stay, and granted the Fagans' motion to dismiss the appeal. Appeal to this court followed. Finally, on December 18, 1987, the Minnesota Supreme Court denied Whispering Bay review of the judgment in the unlawful detainer action.
 
 
 8
 On appeal to this court Whispering Bay argues that the bankruptcy court erred in (1) not allowing Whispering Bay time to reply in writing to the Fagans' revised memorandum of law; and (2) lifting the stay because the notice of cancellation did not name and was never served on Whispering Bay.
 
 
 9
 The Fagans argue that (1) Whispering Bay's lack of opportunity to reply in writing to the Fagans' amended memorandum does not change the fact that Whispering Bay's legal position is without merit; (2) adequacy of the notice of cancellation as to Whispering Bay has been finally determined by the state courts, precluding Whispering Bay from relitigating the issue; and (3) this appeal is moot because Whispering Bay failed to cure the default within the time allowed by the bankruptcy code, 11 U.S.C. Sec. 108(b), thereby terminating its interest in the property. As noted above, each side seeks Rule 38 sanctions. There is also a pending motion by Whispering Bay to supplement the record on appeal with the parties' memoranda, and various documents, filed with the bankruptcy court.
 
 
 10
 Whispering Bay's arguments on appeal are without merit, and there is no need to supplement the record. By Whispering Bay's own account, the Fagans' amended memorandum in support of their motion to lift the stay, in essence, adopted Whispering Bay's own position that it and not the Williams held equitable title. Whispering Bay has not shown prejudice from the procedures followed. The only substantive argument attacking the validity of the Fagans' "new" position ever raised by Whispering Bay, below or on appeal, was the adequacy of the notice of cancellation as to Whispering Bay. This issue was specifically presented to the state court and decided against Whispering Bay.
 
 
 11
 Regarding the Fagans' argument that Whispering Bay's interest in the property has now been completely terminated, in In re Maanum, 828 F.2d 459 (8th Cir.1987), this court held that the running of the Minnesota statutory time in which a debtor may cure the cancellation of a contract for deed is not automatically stayed by filing a Chapter 11 bankruptcy petition, but rather is only temporarily stayed for sixty days pursuant to 11 U.S.C. Sec. 108(b), regardless of the type of property interest affected. See also In re Crawley, 53 B.R. 40 (D.Minn.Bankr.1985). Thus upon filing the bankruptcy petition on July 9, 1987, Whispering Bay had sixty days to redeem the property. The sixty-day period having passed without redemption, full title vested automatically in the Fagans in accordance with Minnesota law. See Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270, 278 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).
 
 
 12
 Accordingly, the lower courts' decision to lift the bankruptcy code's automatic stay is affirmed. We deny the motion to supplement the record, and the requests for sanctions.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota