CASH AMERICA PAWN, L.P. D/B/A
Cash America Pawn of Marshall
# 1,

v.

David MURPH, et al.

Civil Action No. 6:96 CV 766.

United States District Court,
E.D. Texas,
Tyler Division.

May 29, 1997.

John Frederick Bufe, Potter, Minton, Roberts, Davis & Jones, Tyler, TX, for plaintiff.

Rodney Stuart Scott, Longview, TX, for defendant.

### MEMORANDUM AND ORDER ON APPEAL

HANNAH, District Judge.

This case is before the Court on appeal from a Judgment on Turnover Action entered by the Bankruptcy Court, Eastern Division of Texas, Tyler Division, on July 17, 1996, in an adversary proceeding in a Chapter 13 Bankruptcy, Case Number 95–60749 (6:96 cv 766 on appeal). Appellant is Cash American Pawn, L.P. d/b/a/ Cash American Pawn of Marshall # 1 ("Cash America") and there is a cross appeal of the debtors, David and Phyllis Murph ("Debtors").

## I. BACKGROUND

The parties have stipulated to the following facts: David and Phyllis Murph filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 19, 1995 ("Petition Date"). Cash America loaned the Debtors money, and the Debtors provided security as follows: on ticket # 124158, a ladies diamond ring and wedding band; (the amount advanced was $150.00), on ticket # 124263, a man's gold ring; (the amount advanced was $300.00), on ticket # 124263, a VCR, an Uniden base scanner, and a Nintendo with 5 games; (the amount advanced was $160.00).

All of these loans had a maturity date of thirty days from the date of the original pawn with a sixty day grace period after that. The items pawned were the collateral. The Debtors did not redeem any of the collateral before the expiration of the applicable maturity dates or the applicable state law grace periods. Neither did the Debtors redeem any of the collateral within sixty days of the Petition Date and did not redeem the collateral as late as January 16, 1996.

On June 19, 1995, David and Phyllis Murph filed a petition for relief under Chapter 13 of the Bankruptcy Code. On September 28, 1995, the Debtors filed an Amended Schedule C—"Property Claimed as Exempt" in which they listed the collateral as exempt. They valued the collateral at a total worth of $925.00. No one objected to exemption of the collateral.

Cash America filed three proofs of claim: Proof of Claim 13 for $180.00 relating to pawn ticket # 124688; Proof of Claim 14 for $216.00, relating to pawn ticket # 124158; and Proof of Claim 15 for $390.50, relating to pawn ticket # 124263.

The loans are not cross-collateralized. The collateral remains in Cash America's possession.

Cash America asserts that the United States Bankruptcy Court erred as a matter of law when it ruled as follows:

1. The pawned property was property of the Debtors' estate.

2. A debtor's contractual right to redeem pawned property from a Texas pawn shop can be modified in a Chapter 13 proceeding where the debtor fails to timely redeem the pawned property within sixty (60) days after the filing of a Chapter 13 petition.

3. The automatic stay provided for in 11 U.S.C. § 362(a) of the Bankruptcy Code, is applicable to "pawn transactions" as defined in the Texas Civil Statutes, Article 5069–51.02(h).

On cross appeal, the Debtors assert that the bankruptcy court erred when it denied actual damages to the Debtors as a matter of law.

## II. STANDARD OF REVIEW

On appeal, a bankruptcy court's findings of fact are not to be set aside "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R.Bank.P. 8013; *In re Matter of Webb (Webb v. Reserve Life Ins. Co.)*, 954 F.2d 1102 (5th Cir.1992). Questions of law are subject to de novo review. *In re T.B. Westex Foods, Inc. (T.B. Westex Foods, Inc. v. FDIC)*, 950 F.2d 1187, 1190 (5th Cir.1992).

## III. ANALYSIS

**ISSUE ONE:** Did the bankruptcy court err as a matter of law in ruling that the pawned property was property of the Debtors' bankruptcy estate?

It is undisputed that Debtors had failed to redeem the pawned property within the initial thirty day redemption period and that the additional statutory sixty day redemption period was still in effect on the Petition Date. Neither did the Debtors, or the trustee, redeem the property at any time during the sixty day period, which expired during the pendency of the bankruptcy action. Under this set of facts, the Court must determine whether the pawned goods were part of the bankruptcy estate. Only property in which debtor has a legal or equitable interest can become "property of the estate." 11 U.S.C. § 541(a)(1).

Appellant, Cash America, argues that when the goods were "pawned," the Debtors gave their property in exchange for a contractual right to redeem the property by

paying a fixed amount within a specified time. It asserts that it is this contractual right, rather than the property itself, that became property of the estate, and that since Debtors never exercised that right, the title to the property passed to the pawnbroker at the end of the statutory sixty day redemption period, regardless of the filing of the bankruptcy petition. Debtors argue that since Cash America, in its pleadings and stipulation, has asserted the status as a secured claimant, it is estopped from arguing that the pawned property was not part of the bankruptcy estate.

It is not disputed that the three transactions of Debtors with Cash America are governed by the Texas Pawnshop Act. Tex.Rev. Civ. Stat. art. 5069–51.16(a)(7) (Vernon Supp. 1996). It is also agreed that the initial maturity date, which occurred one month after each loan was made, had expired and that the sixty day grace period was in effect on the Petition Date. The effect of the grace period is disputed. The parties disagree as to the effect of the Texas Pawnshop Act's following language: "[p]ledged goods not redeemed within sixty days following the originally fixed maturity date may thereafter, at the option of the pawnbroker, be forfeited and become property of the pawnbroker." Tex.Rev.Civ. Stat. art. 5069–51.13.

The bankruptcy court cited a regulation promulgated by the Consumer Credit Commissioner who was given authority by the Texas Legislature to "make regulations necessary for the enforcement of this [Texas Pawnbroker] Act and consistent with all its provisions." Tex.Rev.Civ. Stat. art. 5069–51.09(b) (Vernon 1987). The Consumer Credit Commissioner promulgated regulations dealing with the specific actions that must be taken by the pawnbroker when he exercises his option to take pledged goods as his property. He must make a notation of the action and the date of the action on the fourth part of the pawn ticket or in the electronic records of the loan. The regulation goes on to state that if the notation has not been made, the loan is considered open

even if the grace period has expired. Tex. Admin. Code Ann. § 85.21(E).

The bankruptcy court found that this regulation definitively establishes the time of ownership transfer. It further held that since the grace period for each transaction expired after the Petition Date [1], Cash America, having received notice of the bankruptcy filing, was foreclosed from taking the final action to gain ownership of the property because such action would be considered action to enforce a lien. 11 U.S.C. § 362(a)(5). The bankruptcy court distinguished the holdings in *Dunlap v. Cash America Pawn,* 158 B.R. 724 (M.D.Tenn.1993) and *In re Jackson,* 133 B.R. 541 (Bankr.W.D.Okla.1991). It applied the reasoning from *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) as well as the regulations issued by the Consumer Credit Commissioner, in reaching its ruling that the Debtors had shown by clear and convincing evidence that the collateral was part of the bankruptcy estate.

The Court agrees. Under the agreed facts, it is clear that Debtors still had a legal or equitable interest in the pawned property because the statutory redemption period had not expired on the Petition Date. Property in which the Debtors had a legal or equitable interest on the Petition Date become part of the estate. 11 U.S.C. § 541(a)(1).

**ISSUE TWO:** Did the bankruptcy court err, as a matter of law, in holding that a debtor's contractual right to redeem pawned property from a Texas pawn shop can be modified in a Chapter 13 proceeding where the debtor fails to timely redeem the pawned property within sixty (60) days after the filing of a Chapter 13 petition?

Appellant further argues that a Debtor's contractual right to redeem pawned property from a Texas pawn shop can not be modified in a Chapter 13 proceeding. Appellant cites *In re Dunlap,* 158 B.R. 724 (M.D.Tenn.1993) and *In re Jackson,* 133 B.R. 541 (Bankr. W.D.Okla.) to support this proposition. Cash America was likewise appellant in both cases. The Court notes that in *Dunlap* the statuto-

1. This fact distinguishes Debtors position, herein, from the position of the debtors in *Dunlap v. Cash America Pawn,* 158 B.R. 724 (M.D.Tenn. 1993) and *In re Jackson,* 133 B.R. 541 (Bankr. W.D.Okla.1991).

ry redemption periods for the various pawn transactions had expired prior to the filing of the bankruptcy petition. Tennessee law required the pawnbroker to mail a notice to the debtor that he had ten days within which to redeem his property, or it was forfeited. The pawnbroker fulfilled that statutory requirement. This was all done prior to the Petition Date. The court held the property was not in the bankruptcy estate because Debtors no longer had any legal or equitable interest in the pawned property under Tennessee law.

In *In re Jackson*, 133 B.R. 541 (Bankr. W.D.Okla.), the collateral of two pawn transactions were still subject to redemption on the Petition Date, as in the instant case. The collateral was held to be part of the bankruptcy estate. Cash America did not dispute this fact. The issue in *Jackson* was whether the plan submitted by Debtor sufficiently protected Cash America's rights as a creditor.

The Court finds that to answer the question of whether the bankruptcy court erred, as a matter of law, in holding that a debtor's contractual right to redeem pawned property from a Texas pawn shop can be modified in a Chapter 13 proceeding it must consider the next issue raised by Appellants, that is, the propriety of the application of automatic stay provision.

**ISSUE THREE:** Did the bankruptcy court err in applying the automatic stay provided for in 11 U.S.C. § 362(a) of the Bankruptcy Code to these "pawn transactions" as defined in Texas Civil Statutes, Article 5069–51.02(h)?

Appellant argues that the bankruptcy court erred when it found that Cash America was stayed by § 362(a) from taking the final act to gain ownership of the pawned property, namely, making the notation on the fourth section of the pawn record as required by the Texas Administrative Code.[2] Appellant asserts that in applying the stay provisions of § 362(a) the bankruptcy court indefinitely extended the statutory redemption period provided to the Debtors under the Texas Pawnshop Act. Appellants argue that there is no persuasive authority for this position and that § 108(b) governs this situation.[3]

Courts have divided as to whether a statutory redemption period is stayed by § 362(a). It has been held that if the automatic stay of § 362 were found to prevail over § 108(b), the effect would be to enlarge property rights granted and circumscribed by state law, thus rendering the pertinent time allotments of § 108 unnecessary. *Johnson v. First Nat'l Bank*, 719 F.2d 270 (8th Cir. 1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054 (3d Cir.1988). In addition, specific statutory references, such as those specifically referring to redemptions in § 108, are held to control over those which are general, such as the general provisions of § 362(a). *In re Farmer*, 81 B.R. 857, 861 (Bankr.E.D.Pa.1988). Accordingly, a number of courts have found that § 362(a) does not toll the running of the time period for redemption and that the only available extension of time for such periods is the 60 days provided for in § 108(b). *Counties Contracting*, 855 F.2d at 1059; *In re Whispering Bay Campground*, 850 F.2d 443, 446 (8th Cir. 1988); *In re Carver*, 828 F.2d 463, 464 (8th Cir.1987); *In re Glenn*, 760 F.2d 1428, 1440 (6th Cir.) *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *In re Tynan*, 773 F.2d 177 (7th Cir.1985); In *Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270 (8th Cir.1983); *In re Martinson*, 731 F.2d 543 (8th Cir.1984); *In re Tabor*, 65 B.R.

---

**2.** Alternatively, Appellants argue that this action is not required and that the title passes automatically at the conclusion of the redemption period.

**3.** § 108(b): "Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or

loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief."

42 (N.D.Ohio 1986); *In re Lally,* 51 B.R. 204 (N.D.Iowa 1985); *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981), *In re Trust Nos. 101B, 102,* 77 B.R. 973 (Bankr. S.D.Fla.1987); *In re Liddle,* 75 B.R. 41 (Bankr.D.Mont.1987); *In re Brown,* 73 B.R. 306 (Bankr.D.N.J.1987); *First National Bank of Vermont v. L.H. & A. Realty Co.,* 57 B.R. 265 (Bankr.D.Vt.1986); *In re Roberson,* 53 B.R. 37 (Bankr.M.D.Fla.1985); *In re Hand,* 52 B.R. 65 (Bankr.M.D.Fla.1985); *In re Kangas,* 46 B.R. 102 (Bankr.D.Minn.1985); *In re Sarasota Land Co.,* 36 B.R. 563 (Bankr. M.D.Fla.1983); *In re Markee,* 31 B.R. 429 (Bankr.D.Idaho 1983); *In re Owens,* 27 B.R. 946 (Bankr.E.D.Mich.1983).

A second line of cases, the minority position, suggests that the all encompassing nature of § 362(a) overrides the specific extension of time granted in § 108(b), thus preventing the parties from taking any action with respect to estate property. These cases suggest that the property will remain property of the estate even after the expiration of the sixty day add-on redemption period. *See In re Jenkins,* 19 B.R. 105 (D.Col.1982), *In re Sapphire Investments,* 19 B.R. 492 (Bankr.D.Ariz.1982); *In re Shea Realty Inc.,* 21 B.R. 790 (Bankr.D.Vt. 1982); *In re Dohm,* 14 B.R. 701 (Bankr. N.D.Ill.1981); *In re Johnson,* 8 B.R. 371 (Bankr.D.Minn.1981).

■ The parties have not supplied the Court with any Fifth Circuit authority as to whether the specific provisions of § 108(b) prevail over the general stay provision of § 362(a) and the Court could find none. We adopt the majority position that § 362 of the Bankruptcy Code, the automatic stay provision, does not toll the running of the redemption period. Thus, when, as here, the bankruptcy is filed before the expiration of the applicable state redemption period, § 108(b) extends the redemption period for 60 days from the commencement of the bankruptcy proceedings. A further extension of the redemption period would constitute an impermissible creation of a property right. It is

well settled that absent Congressional action to the contrary[4],

"[P]roperty rights are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both State and federal courts within a state serve to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'" [citations omitted.]

*Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Thus upon the filing of the bankruptcy petition, Debtors, or the trustee, had 60 days to redeem the property. Having failed to exercise this right of redemption, full title would vest in Cash America Pawn once it made the applicable notation on its fourth record or electronically recorded the final forfeiture according to the regulations of the Texas Administrative Code. However when the Debtors failed to exercise the right of redemption within the 60 days extension provided by § 108(b), they no longer had any legal or equitable interest in the collateral and it ceased to be part of the bankruptcy estate. Appellants, at that point were not subject to the automatic stay provisions of 11 U.S.C. § 362(a) of the Bankruptcy Code as concerns the collateral. Appellant Cash America was then free to make its notation pursuant to the regulations of the Texas Administrative Code.

**ISSUE FOUR (ON CROSS APPEAL):** Did the bankruptcy court err in denying actual damages to the Debtors?

■ Debtors' argument is based upon the receipt by Debtor's attorney of a letter from Cash America International, Inc. regarding Debtors' pawned property. This letter was received on or about October 31,

---

**4.** The Bankruptcy Act does include provisions invalidating certain security interests as fraudulent or as improper preferences over general creditors. 1 U.S.C. § 96(a) and (b). Otherwise, Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979).

1995 and stated that Cash America was not subject to the terms of the automatic stay and gave Debtors until November 15, 1995 to contact Cash America to redeem the pawn tickets. Debtors' counsel responded by filing an adversary and seeking injunctive relief. Debtors argue that this letter was a willful violation of the automatic stay provisions of the Bankruptcy Code. 11 U.S.C. § 362(h).

The bankruptcy court found that the evidence did not support a finding that Cash America's letter to Debtors was an act which intentionally violated the automatic stay. *In re Bloom*, 875 F.2d 224 (9th Cir.1989). The bankruptcy court discussed the letter which cited prior Cash America published cases and stated that Cash America would take the position that the property was forfeited after a certain date.[5] Citing *United States v. Nelson*, 969 F.2d 626 (8th Cir.1992), it was held that it was not a violation because Debtors' counsel "presumably would be in a position to know or learn of his clients' rights under the bankruptcy law and would not be intimidated by a letter such as this.... It is not a violation of the automatic stay for a creditor to advise debtor's counsel that he will take any action that he may legally take under the Bankruptcy Code." *Nelson*, 969 F.2d at 630. This factual finding as to the intent of Cash America in sending this letter should not be set aside unless clearly erroneous. FED. R.BANKR.P. 8013. The Court finds that the bankruptcy court's ruling on this matter was not clearly erroneous.

## IV. CONCLUSION

It is concluded that the bankruptcy court did not err in holding that the pawned property was property of the bankruptcy estate. However the Debtors' contractual right to redeem pawned property from a Texas pawn shop can be modified in a Chapter 13 proceeding only to the extent that the 60 day redemption period provided by § 108(b) applies. The Court finds that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to the pledged goods in this case, and that Debtors were not entitled to actual damages. Accordingly, the Judgment on Turnover Action entered by the Bankruptcy Court on July 17, 1996 shall be, and is hereby AFFIRMED in part and REVERSED in part.

---

5. It is apparent that the legal assistant to the General Counsel of Cash America, who wrote the letter, was unaware of the factual distinctions as well as the fact that Texas law and regulations would distinguish this case from the cases which were the basis of Cash America's position given in the letter.