In re Michael P. CAMPION, Debtor.

Associated Credit Services,
Inc., Appellant,

v.

Michael P. Campion, Appellee.

BAP No. EW–02–1486–KMaRy.
Bankruptcy No. 99–03598–W13.
Adversary No. 00–00229–W13.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued by Video Conference Hearing
and Submitted on March 19,
2003.

Filed June 4, 2003.

J. Gregory Lockwood, Hackney, Hamilton & Carroll, Spokane, WA, for Associated Credit Services, Inc.

Timothy W. Durkop, Durkop Law Office, Spokane, WA, for Michael P. Campion.

Before KLEIN, MARLAR, and RYAN, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This is the case of the willful computer. The bankruptcy court awarded fees and costs of $6,735 for willful violation of the automatic stay by a creditor who, knowing that "Michael P. Campion" was a debtor in a bankruptcy case, garnished his wages because its computer failed to recognize that "Michael P. Campion" of Spokane, Washington, and "Mike P. Campion" of Spokane, Washington, might be the same individual.

Holding that a creditor is liable under 11 U.S.C. § 362(h) for stay violations attributable to its computer, we AFFIRM.

## FACTS

Appellee Michael P. Campion, an individual debtor, filed an adversary proceeding against appellant Associated Credit Services, Inc. ("Associated Credit"), a debt collector, alleging willful violation of the automatic stay based on its initiation of garnishment proceedings to collect a debt after it had actual notice of the filing of Campion's bankruptcy.

Associated Credit answered, admitting it had initiated the garnishment proceedings, but denying that its actions were "deliberate, willful, and taken with full knowledge of the bankruptcy proceedings," as alleged in Campion's complaint.

During discovery, Associated Credit made a $251 offer of judgment under Federal Rule of Civil Procedure 68, based on Campion's interrogatory response that his damages were $250.

Campion accepted Associated Credit's offer of judgment and, once the judgment had been entered, moved for attorney's fees on the premise that § 362(h) entitled him to such an award.

Associated Credit argued that its $251 offer of judgment included attorney's fees and that § 362(h) does not permit fee awards without a specific finding—which had not been made—of willful violation of the stay.

The bankruptcy court found that the $251 offer of judgment did not include attorney's fees and awarded $4,140 as fees without addressing the question of willfulness.

Associated Credit appealed the award to the district court, challenging entitlement but not the reasonableness of the amount.

The district court, applying settled offer-of-judgment contract analysis, held that Associated Credit's $251 offer of judgment did not encompass attorney's fees and did not include an admission of liability. Thus, it remanded for proceedings to determine whether the stay violation was willful, which is a necessary precondition for awards under § 362(h).

On remand, Associated Credit contended that its garnishment was not willful within the meaning of § 362(h) because it had no actual knowledge that "Michael P. Campion" had filed bankruptcy even though it had been listed as a creditor in the "Michael P. Campion" case, had received notice of that bankruptcy, and had filed a claim in the case based on a debt of "Mike P. Campion."

Associated Credit's explanation for this apparent contradiction was that it placed the "Michael P. Campion" bankruptcy notice in its "Mike P. Campion" file and was the victim of the programming of its own computer, which was unable to retrieve the information when it was later assigned another debt owed by "Michael P. Campion":

> [Associated Credit's] computer system only checks last names and the first three letters of the first name, when comparing the defendant's records

against notices of bankruptcy filings or other information such as later assignments made to the—assignment of accounts made to the defendant. Since the 2000 obligation was in the name of Michael P. Campion, and the defendant's file on the 1999 obligation, which contained the notice of bankruptcy filings, was in the name of Mike P. Campion, the computer did not link the two accounts. Due to the difference in the name of the assigned accounts, the computer could not cross-check and discover the notice of bankruptcy filing.

Tr. of Proceedings (Aug. 8, 2002), at 3–4.

The bankruptcy court found that the garnishment was willful within the meaning of § 362(h), reasoning that stay-violation willfulness merely requires that the violation have been a voluntary act taken after receiving notice of the bankruptcy filing. Thus, it concluded that the stay violation was willful under § 362(h) and raised the fee award to $6,735 to reflect the additional time spent litigating the appeal to the district court.

This appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction per 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUE

Whether a creditor can save itself from a finding of willfulness under § 362(h) by blaming its computer system.

## STANDARD OF REVIEW

■ Section § 362(h) willfulness is a question of fact reviewed for clear error. *Eskanos & Adler v. Leetien*, 309 F.3d 1210, 1213 (9th Cir.2002); *McHenry v. Key*

*Bank (In re McHenry)*, 179 B.R. 165, 167 (9th Cir. BAP 1995).

## DISCUSSION

■ This appeal comes to us as the second appeal under 28 U.S.C. § 158(a). We are reviewing the order on remand from the prior appeal to the district court that focused on the terms of the offer of judgment that Campion accepted.[1]

Based on the prior appeal, the law of the case is that the terms of the $251 offer of judgment included neither attorney's fees, nor a concession of "willful" violation of the automatic stay.[2] Associated Credit has not questioned, and hence has waived, any issue regarding the amount of the fees awarded.

Thus, the sole question before us is whether Associated Credit's stay violation, allegedly committed by its computer, was "willful" within the meaning of § 362(h).[3]

■ The court applied the settled § 362(h) "willfulness" test, which requires that: (1) the creditor know of the automatic stay; and (2) the actions that violate the stay be intentional. *E.g., Eskanos & Adler*, 309 F.3d at 1215. There need be no proof of specific intent to violate the stay or to injure.[4] To the contrary, a good faith belief that the stay is not being violated "is not relevant to whether the act was 'willful' or whether compensation must be awarded." *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 482 (9th Cir.1989).

Associated Credit's defense is to concede its garnishment was an intentional act but, based on a supposed "mistake of fact," to call into question its knowledge of the automatic stay.

It is, of course, beyond cavil that Associated Credit knew Michael P. Campion was a debtor protected by the automatic stay. It had, after all, filed a proof of claim in

1. Federal Rule of Civil Procedure 68 applies in bankruptcy adversary proceedings and contested matters. Fed.R.Civ.P. 68, *incorporated by* Fed. R. Bankr.P. 7068.

2. If the district court had concluded that the terms of the offer of judgment did constitute a concession of "willful" stay violation, then the mere fact of the $251 judgment based on the offer of judgment might have been conclusive of the "willfulness" issue, which is an essential element for *all* awards under § 362(h). 12 CHARLES. A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 3005 (2d ed.1997). The district court applied well-settled analysis that is based on basic rules of contract construction, with ambiguities construed against the offeror and supplemented by the requirement that waivers or limitations of attorney's fees must be clear and unambiguous. *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997).

3. Section 362(h) provides:
   An individual injured by any *willful* violation of a stay provided by this section shall recover actual damages, including costs

and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(h) (emphasis supplied).

4. The Supreme Court's decision regarding willfulness under 11 U.S.C. § 523(a)(6), *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), does not affect the continuing vitality of the § 362(h) willfulness decisions. The Court explained:

   "willful" in [§ 523](a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury."

   *Id.* at 61, 118 S.Ct. 974. The syntax of § 362(h)—"injured by any willful violation"— is consistent with the phrase "willful acts that cause injury" that the Supreme Court suggested encompasses unintentionally inflicted injury.

the case on account of another debt that had been assigned to it.

Associated Credit contends the "mistake of fact" that deprived it of knowledge of the automatic stay was its assumption that Michael P. Campion was not Mike P. Campion.

Associated Credit's explanation is that its "computer system checks the last name and the first three letters of the first name on each account" and, thus, that "the computer failed to link" the Michael P. and Mike P. Campion accounts because Michael and Mike do not have the same first three letters. If the computer had linked Michael P. Campion with Mike P. Campion, in whose file the Michael P. Campion bankruptcy notice had been placed, it would have recognized that a garnishment would violate the automatic stay.

Associated Credit blames Campion for its confusion, arguing that his "use of different names" somehow "defeated or interfered with" its internal safeguards for preventing stay violations.

The bankruptcy court saw nothing untoward about a Michael who also goes by Mike and found that Associated Credit knew that Michael P. Campion was the same person as Mike P. Campion. Hence, it knew of the automatic stay. This was not error.

The evidence reveals that Associated Credit had actually equated Michael P. Campion with Mike P. Campion before it violated the automatic stay. Specifically, when Associated Credit received the notice of the filing of the Michael P. Campion bankruptcy case, it placed the notice in the file of its "Mike P. Campion" account and filed a proof of claim based on the debt owed by "Mike P. Campion" in the Michael P. Campion case.

The stay violation occurred because Associated Credit later forgot that "Michael P. Campion" was a debtor. When it later was assigned the "Michael P. Campion" debt on which it initiated garnishment proceedings, it did not cross-check its Mike P. Campion file where it would have found the "Michael P. Campion" notice of bankruptcy and recollected that it had already filed a proof of claim with respect to another debt.

Associated Credit's mistake was mere forgetfulness that was not of a character that would deprive it of knowledge for purposes of § 362(h) willfulness. The evidence of Associated Credit's knowledge of the existence of the automatic stay for purposes of § 362(h) willfulness is compelling. Once a creditor knows of the existence of the automatic stay, forgetting about it does not erase the knowledge.

Nor is it any excuse that Associated Credit was betrayed by its computer. A creditor's "internal disorder does not excuse it from violating the automatic stay." *Eskanos & Adler*, 309 F.3d at 1215. The computer tale is one of internal disorder.

Moreover, stay violations attributable to a computer are not " 'inadvertent' ... acts taken without knowledge of the existence of the stay." *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339, 344 (9th Cir. BAP 1994).

We perceive no difference as a practical matter between a computer program that does not perform tasks accurately and a clerical employee who does not perform tasks accurately. In either event, the employer bears the risk of the consequences.

Associated Credit's argument that the court erroneously applied a strict liability standard is similarly unavailing. The court did not hold that strict liability applies. Rather, it provided an accurate, common-sense explanation of the settled law of § 362(h) willfulness and, in mention-

ing strict liability, was speaking in a generic sense and merely commiserating with the creditor's plight that results from having knowledge of the automatic stay. Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay. *See, e.g., Goodman,* 991 F.2d at 618.

■ The only solace for the creditor who winds up willfully violating the automatic stay without meaning to do so is that a good heart may figure in the assessment of § 362(h) damages. Sympathetic facts may be used to avert punitive damages and, in view of the trial judge's discretion over calculation of actual damage awards, may also figure into the calculus of actual damages. *McHenry,* 179 B.R. at 168–69.

Here, the $251 in actual damages, other than fees, were conceded and bordered on nominal. The $6,735 attorney's fee component of the actual damages is largely the self-inflicted consequence of Associated Credit's litigation choices in how it went about trying to extricate itself from the consequences of its internal disorder. In retrospect, Associated Credit may regret not having explicitly included attorney's fees in its offer of judgment and having offered a sum that would have been sufficient to make the debtor " 'think very hard' about whether continued litigation is worthwhile." *Marek v. Chesny,* 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In any event, since the reasonableness of those fees has not been questioned in this appeal, it follows that any issue in that regard has been waived. *Brooks v. City of San Mateo,* 229 F.3d 917, 922 n. 1 (9th Cir.2000).

\*  \*  \*  \*  \*  \*

In sum, the bankruptcy court's determination that Associated Credit willfully vio-

lated the automatic stay was not clearly erroneous. AFFIRMED.