# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6038

_____

In re: James Allen Carter, Jr., also known as Jim Carter; Leigh Emory Carter

*Debtor*s

------------------------------

James Allen Carter, Jr.; Leigh Emory Carter

*Debtors - Appellants*

v.

First National Bank of Crossett

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - El Dorado

_____

Submitted: October 17, 2013
Filed: December 5, 2013

_____

Before SCHERMER, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge.

The Debtors, James Allen Carter, Jr. and Leigh Emory Carter, appeal from the Bankruptcy Court's[1] order entered on April 22, 2013 denying the Debtors' Motion for Sanctions against First National Bank of Crossett. For the reasons that follow, we AFFIRM.

## BACKGROUND

Jim A. Carter, Jr. Logging, LLC (the "LLC") was formed with James Allen Carter ("Carter") as its sole member. First National Bank of Crossett (the "Bank") entered into two loans with the LLC dated October 22, 2009 and September 21, 2012. Each of these loans was secured by logging equipment owned by the LLC, and personally guaranteed by Carter. On October 24, 2012, Carter, as the only signatory, executed a document identified as an Assignment[2] which stated:

> For valuable consideration, receipt of which is hereby acknowledged, Jim A. Carter, Jr., member, and Jim A Carter Logging, LLC, by Jim A. Carter, Jr., the sole member, sells, transfers, assigns and conveys to Jim A. Carter, Jr., his heirs and assigns, all of the right, title, and interest of assignors in and to the following property: all interests and assets of Jim A. Carter Logging, LLC.

---

[1] The Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas.

[2] As explained by the record, the apparent purpose of this transaction was to qualify the Carters for Chapter 13 relief, and to economically address the liabilities of both the LLC and Carter, individually by way of a single bankruptcy case.

The Bank was not informed of this transaction nor provided a copy of the Assignment at this time. The following day, Carter filed a joint chapter 13 petition with his spouse, which was later dismissed for failure to file a listing of creditors. A second chapter 13 petition was filed on November 2, 2012. On this same date, naming only the LLC as a defendant, the Bank commenced a state court action to recover the collateral subject to its secured loans.

The Ashley County Clerk of Court provided notice of the replevin suit and the time period to object to the issuance of an order requiring delivery of the identified equipment to both the LLC and Carter as its registered agent. No objections were filed. The right to immediate possession of the equipment was granted under an Order of Delivery issued on November 14, 2012. On November 16, 2012, Carter filed, and served upon the Bank, a Motion requesting that the Order of Delivery be stayed which included copies of the Assignment and Notice of Commencement of his bankruptcy case. After conducting a telephonic hearing on Carter's stay request, the Ashley County Circuit Judge directed the Sheriff to pick up the equipment and retain the items pending further order.

Carter then filed a Motion for Contempt in his bankruptcy case and requested an emergency hearing. The Bankruptcy Court ordered the equipment returned to Carter, and specifically reserved ruling on whether the stay violation was willful. Within the established time period, a Motion for Sanctions was filed seeking compensatory and punitive damages for the Bank's willful violation of the

automatic stay. On April 16, 2013, at the conclusion of the hearing[3] on this Motion, the Bankruptcy Court ruled that there was no willful violation of the stay, and that Carter failed to establish his claim for damages. The Debtors appeal this ruling.

## STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *First Nat'l Bank v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997) (quoting *Miller v. Farmers Home Admin. (In re Miller)*, 16 F.3d 240, 242 (8th Cir. 1994)). A decision on sanctions is reviewed for an abuse of discretion. *Garden v. Cent. Neb. Housing Corp.*, 719 F.3d 899, 906 (8th Cir. 2013) (citing *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581 (8th Cir. 2001). Under this standard, our review focuses upon whether there was a failure to apply the proper legal standard or whether the findings of fact are clearly erroneous. *Official Comm. Of Unsecured Creditors v. Farmland Indus. (In re Farmland Indus.)*, 397 F.3d 647, 651 (8th Cir. 2005). A bankruptcy court's ruling will not be reversed unless there is a "'definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Apex Oil Co. v. Sparks (In re Apex Oil Co.),* 406 F.3d 538, 541 (quoting *Dworsky v. Canal St. Ltd. P'ship (In re Canal St. Ltd. P'ship)*, 269 B.R. 375, 379 (B.A.P. 8th Cir. 2001)).

---

[3]The Bankruptcy Court and parties agreed that the record from the emergency hearing conducted on November 19, 2012 would be included as evidence in the Motion for Sanctions.

## DISCUSSION

Effective upon the filing of a bankruptcy petition is the fundamental right afforded to debtors by the automatic stay which stops collection actions by creditors on pre-petition obligations. 11 U.S.C. § 362(a) (2012). "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. section 362(k) (2012). A debtor seeking such sanctions must demonstrate, by a preponderance of the evidence, that a creditor acted willfully in violation of the stay and that an injury resulted from that conduct. *Frankel v. Strayer (In re Frankel)*, 391 B.R. 266, 271 (Bankr. M.D. Pa. 2008); *In re Cedar Falls Hotel Properties. Ltd. P'ship*, 102 B.R. 1009, 1014 (Bankr. N.D. Iowa 1989).

To be willful, a creditor must take deliberate action "with the knowledge" that a bankruptcy petition has been filed. *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989); *In re Cullen*, 329 B.R. 52, 57 (Bankr. N.D. Iowa 2005). A willful violation does not require a finding of specific intent. *Associated Credit Servs. v. Campion (In re Campion)*, 294 B.R. 313, 316 (B.A.P. 9th Cir. 2003). "[A]n act is deemed to be a willful violation if the violator knew of the automatic stay and intentionally committed the act regardless of whether the violator specifically intended to violate the stay." *Preston v. GMPQ, LLC (In re Preston)*, 395 B.R. 658, 663 (Bankr. W.D. Mo. 2008) (citing *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996)).

Carter argues that the Bankruptcy Court's decision is erroneous because the Bank clearly had notice of the Debtors' bankruptcy filing prior to the time the

repossession occurred. *See Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989) (a violation is willful if a creditor acts deliberately with knowledge of the bankruptcy). He further asserts that the Bank's refusal to return the equipment until ordered to do so establishes a continuing willful violation. These arguments are not persuasive.

Carter's argument is misplaced. Although the evidence suggests that the Bank may have been aware of Carter's personal bankruptcy filing, there is no evidence that the Bank had knowledge of the Assignment and the purported transfer of the LLC's assets to him. The replevin action filed by the Bank did not name Carter, individually, and sought only to repossess equipment owned by the LLC in which the Bank had a properly perfected security interest. Consequently, there can be no knowing or deliberate conduct attributed to the Bank in its conduct to enforce its lien against the collateral it believed was owned by the LLC. At issue here is not whether the Bank had knowledge of Carter's personal bankruptcy filing; but rather, whether it knew that its collateral had been transferred from the LLC to Carter, personally, which it did not. Absent a showing that the Bank was aware of the Assignment, a willful stay violation cannot be found. At the hearings and in its brief, the Bank disputed whether the Assignment constituted a valid transfer of the assets.[4] Under this circumstance, its refusal to return the equipment until ordered to do so was neither unreasonable nor willful.

---

[4]The Bankruptcy Court made no dispositive determination on this issue. Because our review is not dependent upon the validity of the Assignment, and would not change the outcome of our decision, it is not addressed in this appeal.

The Bank admitted that after it had knowledge of the Assignment and Carter's bankruptcy filing, it sent a required UCC notice to Carter. The Bank sent the letter believing the Assignment was of no force and effect and was invalid. The notice involved a legal process to liquidate the collateral and apply the proceeds to its indebtedness. In *Cash Am. Pawn, L.P. v. Murph*, a creditor's post-petition letter to the debtor did not intentionally violate the automatic stay because "it is not a violation of the automatic stay for a creditor to advise debtor's counsel that he will take any action that he may legally take under the Bankruptcy Code." 209 B.R. 419, 424 (E.D. Tex. 1997) (quoting *United States ex rel. Farmers Home Admin. v. Nelson*, 969 F.2d 626, 630 (8th Cir. 1992)). Here, the notice sent by the Bank was a letter advising Carter of his rights under the Uniform Commercial Code. Although this action violated the automatic stay, we agree with the Bankruptcy Court that any violation was technical and not willful in nature.

A finding that there has been a willful violation of the automatic stay is a prerequisite to an award of sanctions. Courts are unwilling to impose sanctions if the violation is merely technical. *In re Reisen*, No. 03-01999, 2004 WL 764628, at *6 (Bankr. N.D. Iowa Mar. 4, 2004). Accordingly, the legal notice provided to Carter does not warrant an award of damages. Although the Bankruptcy Court determined that there was no willful violation of the automatic stay by the Bank in the repossession of the equipment, it further held that Carter failed to meet his burden of proof to establish either compensatory or punitive damages. Because we agree that there was no willful violation, it is not necessary to address the issue of damages.

Based upon the record and the applicable legal standards, the Bankruptcy Court did not abuse its discretion when it denied the Motion for Sanctions. Accordingly, the Bankruptcy Court's Order is affirmed.

_____