# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

———————————————————

No. 14-6027

———————————————————

In re: Cyril M. Gray

*Debtor*

------------------------------

Eldon K.. Bugg; Danny Bugg

*Creditors - Appellants*

v.

Cyril M. Gray

*Debtor - Appellee*

————————

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Hot Springs

————————

Submitted:  October 7, 2014
Filed:  November 24, 2014
(corrected on December 15, 2014)

————————

Before FEDERMAN, Chief Judge, KRESSEL and SCHERMER, Bankruptcy
Judges.

————————

KRESSEL, Bankruptcy Judge

The appellants, Eldon Bugg and Danny Bugg, appeal from an order of the
bankruptcy court finding that they had willfully violated the automatic stay and

awarding actual and punitive damages. For the reasons below, we affirm the award of actual damages but reverse the award of punitive damages.

BACKGROUND [1]

On October 14, 2013, the debtor, Cyril M. Gray, filed a Chapter 13 petition. At the time of filing, the debtor was living in rental property owned by the Buggs. According to the Buggs, the debtor had failed to pay any rent since May 2013. On November 13, 2013, the Buggs filed a motion to "Terminate Stay, Alternatively for Order of Possession, and Motion for Declaration of Non-Stay and for Immediate Hearing on Both Motions." A hearing was set for December 18, 2013.

On December 17, 2013, the debtor filed a motion requesting that the December 18 hearing be continued. We cannot tell from the record whether the Buggs either consented to or objected to this continuance. In any case, the hearing was continued to January 23, 2014. Then, on January 21, 2014, the Buggs made their own motion to continue the hearing. The court granted the request and the hearing was postponed again to February 20, 2014.

A hearing on the motion was finally held on February 20, 2014. Apparently the continuances allowed the parties time to negotiate because when they appeared in court they announced that a settlement had been reached. They agreed to modify the stay as to the Buggs, effective fourteen days after the entry of the order.

---

[1] In reciting the background we are hampered by the incomplete record, including the lack of complete transcripts.

It was not until March 19, 2014 that the bankruptcy court issued a written order regarding the parties' agreement[2]. The order specified that the stay was terminated in regards to the debtor's interest in his principal residence. The order also stated that Federal Rule of Bankruptcy Procedure 4001(a)(3) applied, therefore, the order was not effective until fourteen days after its entry.

Meanwhile, the Buggs apparently believed that the stay terminated on March 6, 2014. They decided that the fourteen day period began running on February 20, the date of the hearing. Accordingly, on March 8, 2014, the Buggs evicted the debtor. They changed the locks and five days later they removed his personal property and towed his truck from the premises, damaging it in the process.

On April 4, 2014, the debtor filed a "Motion for Contempt for Violation of the Automatic Stay." After some procedural delays a trial was held on June 10, 2014. Danny Bugg appeared personally. Eldon Bugg did not appear but an attorney appeared on his behalf for the limited purpose of requesting a continuance. The request for a continuance was denied and Eldon Bugg's attorney was excused. The matter proceeded to trial and at its conclusion a ruling was read onto the record.

On June 16, 2014, the bankruptcy judge issued an order granting the debtor's motion. The order is entitled "Order Granting Motion for Contempt for Violation of the Automatic Stay at § 362(a)." This is a misnomer. Contempt is not a remedy for a violation of the automatic stay. Contempt is a remedy for violating

---

[2] The delay in issuing this order was due to the parties' delay in submitting a proposed order regarding their agreement.

court orders, not statutes. *See Sosne v. Reinert & Duree, P.C. (In re Just Brakes Corp. Sys., Inc.)*, 108 F.3d 881, 885 (8th Cir. 1997) (citing *Moratzka v. VISA (In re Calstar, Inc.)*, 159 B.R. 247 (Bankr. D. Minn. 1993)). The bankruptcy court did not hold the Buggs in contempt. Instead, it is clear that the court awarded the debtor damages under § 362(k). The Buggs were ordered to (1) return the debtor's truck or pay $7,000, jointly and severally, for its value, (2) pay $422, jointly and severally, for damage sustained to the truck during towing, (3) return all of the debtor's personal property or pay $100 per day, jointly and severally, until the property is returned, (4) pay $300, jointly and severally, for damages incurred from the disposition of the personal property, (5) pay $2,500, jointly and severally, for the debtor's attorney's fees, and lastly (6) Eldon Bugg was ordered to pay $2,000 to the debtor as punitive damages. The bankruptcy court also reserved the right to hold the Buggs in contempt at a later time if they did not comply with the order.

On June 24 and June 27, 2014, Danny Bugg and Eldon Bugg, respectively, filed motions for relief from the June 16, 2014 order. Both motions were denied. On July 7, 2014, the Buggs filed a timely notice of appeal.

STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *Johnson v. Fors (In re Fors)*, 259 B.R. 131, 135 (B.A.P. 8th Cir. 2001) (citing *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 754 (8th Cir. 1997)). An award of sanctions is reviewed for an abuse of discretion. *Garden v. Central Nebraska Housing Corp.*, 719 F.3d 899 (8th Cir.

2013) (citing *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581 (8th Cir. 2001)).

JURISDICTION

The Buggs first argue that the bankruptcy court did not have jurisdiction over the debtor's motion for contempt. According to the Buggs, their actions only affected exempt personal property and bankruptcy courts do not have jurisdiction over property that does not belong to the estate. The Buggs are mistaken.

Subject matter jurisdiction is governed by 28 U.S.C. § 1334, which provides:

> (a) …. the district court shall have original and exclusive jurisdiction of all cases under title 11.
> (b) ….notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Pursuant to the delegation powers in 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." "Bankruptcy judges may hear and determine

all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 …" 28 U.S.C. § 157(b)(1).

In this case, the bankruptcy court had both the jurisdiction and the authority to decide the debtor's motion. The debtor initiated an action that hinged solely on whether there was a willful violation of the automatic stay. This action is created by 11 U.S.C § 362(k). Thus, it clearly *arises under* title 11. The bankruptcy court has jurisdiction to hear "all civil proceedings arising under title 11." 28 U.S.C. § 1334(b). Additionally, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), which the bankruptcy court had the authority to determine[3].

SECTION 362(e)

The Buggs argue that the bankruptcy court could not have properly found them in violation of the automatic stay because the stay had lapsed by operation of 11 U.S.C. § 362(e)(2) long before they evicted the debtor. Specifically, the Buggs argue that the stay lapsed on January 12, 2014, 60 days after their November 13, 2013 motion was filed. As a matter of law, if the stay terminated on January 12 then their actions to evict the debtor on March 8 could not have constituted a violation of the stay.

Section 362(e) provides:

---

[3]     Because the bankruptcy court conclusively decided that the automatic stay had been violated, we are confident that the appealed order is a final order. The fact that the bankruptcy court reserved the right to hold the Buggs in contempt at the later time bears no effect on the finality of the order. However, even if this is not a final order, we grant the Buggs leave to appeal.

(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section….

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless –

(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

(B) such 60 day period is extended ---
> (i) by agreement of all parties in interest; or
> (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

Pursuant to § 362(e)(1), the failure to hold a preliminary hearing within thirty days of the date of a request for relief would have the effect of terminating the stay. *See Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982). Section 362(e)(2) provides for the automatic termination of the stay in an individual case if a final decision on the motion is not rendered within 60 days after a request for relief is made. *See In re Aulicino*, 400 B.R. 175, 179 (Bankr. E.D. Pa. 2008).

Section 362(e) was enacted to protect creditors. The legislative history highlights Congress' intent:

> "[s]ubsection (e) provides a *protection for secured creditors* that is not available under present law. The subsection sets a time certain within which the bankruptcy court must rule on the adequacy of protection provided of the secured creditor's interest."

H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 344 (1977) (emphasis added). One court has stated, "[s]ection 362(e) was enacted to prevent the practice under the old Bankruptcy Act of 'injunction by continuance.'" *Grundy Nat'l Bank v. Virginia Banker's Ass'n. (In re Looney)*, 823 F.2d 788, 792 (4th Cir. 1987).

*Waiver*

However, this protection for creditors is not absolute. Many courts have held that it can be waived by the creditor, explicitly or implicitly. An implicit waiver is generally found when the creditor takes some action which is inherently inconsistent with adherence to the time constraints of §362(e). For example, the Eleventh Circuit held that a creditor had implicitly waived his rights when the creditor failed to object to the absence of a preliminary hearing and also attended the final hearing beyond the time limits set forth in § 362(e). *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d at 1308; *see also In re Ramos*, 357 B.R. 669, 673, n.2 (Bankr. S.D. Fla. 2006) (a lender's request to submit a brief was implicit consent to hold a final hearing more than thirty days after the motion to modify the stay was filed); *Iseberg v. Exchange Nat'l Bank and Trust Co. of Chicago (In re Wilmette Partners)*, 64 B.R. 958, 961 (Bankr. N.D. Ill. 1983) (creditor implicitly waived its right to object to the timeliness of the hearings when it did not oppose

the continuance of the hearing beyond the 30 day time limit); *Small v. Barclay Properties (In re Small)* 38 B.R. 143, 147 (Bankr. D. Md. 1984) (implied waiver where creditor filed discovery request to which responses were due beyond the thirty day period); *In re McNeely*, 51 B.R. 816, 821 (Bankr. D. Utah 1985) (a creditor who fails to schedule a final hearing within the 30-day period may impliedly waive its right to automatic termination under § 362(e)); *J.H. Streiker & Co., Inc. v. SeSide Co., Ltd. (In re SeSide Co. Ltd.)*, 155 B.R. 112, 117 (E.D. Pa. 1993) (creditor waived the timeliness provisions of § 362(e) by agreeing to a briefing schedule which prevented the court from ruling within time frame provided by § 362(e)); *In re Aulicino*, 400 B.R. 175 (Bankr. E.D. Pa. 2008) (creditor was deemed to have implicitly consented to the tolling of the § 362(e) time period when he agreed to a briefing schedule that was beyond of when the stay was set to expire); *Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 639 (3rd Cir. 1989) (recognizing implicit waiver when creditor takes some action which is inherently inconsistent with adherence to the time constraints of section 362(e)).

After a careful review of the record it is clear that the Buggs acted inconsistently with the time constraints of § 362(e). First, the Buggs did not object to the debtor's request for a continuance. While failing to object to a continuance may seem innocuous, it was enough to convince both the court and the debtor that the Buggs believed they were still bound by the stay. Their later conduct also demonstrated that they believed that the stay was still in effect. Not only did the Buggs continue to work on resolving the matter but they also eventually made their own motion for a continuance. The Buggs' request for a continuance, in and of

itself, flies directly in the face of the argument that the stay had lapsed on January 12. Why would the Buggs ask for a continuance if the motion was moot by operation of § 362(e)?

After both continuances were granted the Buggs continued to negotiate with the debtor. As a result, by the time of the final hearing a settlement had been reached. Again, why did the Buggs come to an agreement with the debtor if the stay had already terminated? In fact, why did they participate in the hearing at all? The Buggs cannot suddenly, months later, to the surprise of the court and the debtor, argue that the stay had expired due to the continuances, one of which they requested themselves.

Only after the contempt proceedings were initiated did the Buggs argue that the stay had expired by operation of § 362(e). They are too late. Their actions were inconsistent with an intent on their part to insist that the court enter either a final order or an order continuing the stay pending conclusion of the final hearing within the § 362(e) timeframe. If the Buggs believed that the stay had lapsed on January 12 then they should have moved to enforce their rights at that time. They failed to do so and therefore the Buggs have waived any right they may have once possessed under § 362(e).

*Judicial Estoppel*

The Buggs are also barred by judicial estoppel from claiming that the stay had expired under § 362(e). The doctrine of judicial estoppel "protects the integrity of the judicial process." *Total Petroleum, Inc., v. Davis*, 822 F.2d 734,

738 n. 6 (8th Cir. 1987). Judicial estoppel is an equitable doctrine invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (C.A.9 1990)).

The Supreme Court has laid out three non-exhaustive factors for determining the applicability of judicial estoppel: (1) the party's position is clearly inconsistent with its earlier position; (2) the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.*

The Buggs moved for a continuance and in doing so they represented to the court that more time was necessary. The court accepted this position and granted the request. The continuance allowed the Buggs the benefit of extra time to successfully negotiate with the debtor. On appeal they now inconsistently argue that they stay had automatically lapsed. Unfortunately for the Buggs, they cannot change their minds according to what is beneficial for them at the moment.

It seems obvious that the debtor would not have asked for a continuance and certainly would have objected to the Buggs' request for a continuance if they were aware that the Buggs were planning to invoke their rights under § 362(e). To allow the Buggs to suddenly argue § 362(e) would impose an unfair detriment on the debtor. For these reasons, the Buggs are barred by judicial estoppel from asserting their rights under § 362(e).

DAMAGES FOR VIOLATION OF THE STAY

The Bankruptcy Code provides for the recovery of damages for an individual injured by a violation of the automatic stay. Specifically, § 362(k)(1) states, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

A debtor seeking damages under § 362(k) must demonstrate, by a preponderance of the evidence, that a creditor acted willfully in violation of the stay and that an injury resulted from that conduct. *Carter, et. al., v. First Nat'l Bank of Crosett (In re Carter)*, 502 B.R. 333 (B.A.P. 8th Cir. 2013). The Eighth Circuit has held that "[a] willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989) (citing *Aponte v. Aungst (In re Aponte)*, 82 B.R. 738, 742 (Bankr. E.D. Pa. 1988)). A willful violation does not require a finding of specific intent. *In re Carter*, 502 B.R. at 336 (quoting *Associated Credit Servs. v. Campion (In re Campion)*, 294 B.R. 313, 316 (B.A.P. 9th Cir. 2003)). In other words, if the creditor is aware of the bankruptcy filing, any intentional act that results in a violation of the stay is willful. *See* 3 COLLIERS ON BANKRUPTCY ¶ 362.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

The Buggs argue that the bankruptcy court's decision is erroneous because the act of "safely storing debtor's personal property and having his truck towed

12

both fall under the specific exception of § 362(b)(4)." However, § 362(b)(4) permits a *governmental unit* to commence or continue an action or proceeding to enforce such governmental unit's police and regulatory power regardless of § 362(a). Obviously, the Buggs are not a governmental unit, and therefore, this exception does not apply to them.

The bankruptcy court had to determine two things: (1) whether the Buggs had knowledge of the bankruptcy petition, and (2) whether the Buggs acted deliberately. Both of these elements are easily met. First, it is clear that the Buggs had knowledge of the debtor's bankruptcy petition. The Buggs themselves do not argue otherwise. They participated in the proceedings and even filed a motion for relief from the stay.

Second, it is also undisputed that the Buggs acted deliberately when they evicted the debtor. A willful violation of the stay does not require a specific finding of intent to violate the stay, therefore, it is irrelevant that the Buggs were mistaken as to whether the stay had terminated at the time they evicted the debtor. It is enough that they acted deliberately when they changed the locks, took possession of the debtor's personal property and towed his truck. The bankruptcy court's finding that the Buggs willfully violated the automatic stay is not clearly erroneous.

*Actual Damages*

The Eighth Circuit has articulated, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must …. strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.*), 262 F.3d 725, 729

(8th Cir. 2001) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). In this case, the Buggs have not presented *any* evidence that the bankruptcy court's factual findings as to actual damages were clearly erroneous. In fact, the Buggs provided an incomplete record with no exhibits and only partial transcripts. With the incomplete record provided, we cannot say that the bankruptcy court's finding of actual damages was clearly erroneous.

*Punitive Damages*

If the elements of a willful violation are met "the court must award compensatory damages then decide whether punitive damages are appropriate." *In re* Anderson, 430 B.R. 882 (Bankr. S.D. Iowa 2010). The Eighth Circuit has held that appropriate circumstances to award punitive damages requires "egregious, intentional misconduct on the violator's part." *Id*. (*quoting United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir. 1989)). In determining whether punitive damages are appropriate, the court may consider "the nature of the creditor's conduct, the nature and extent of harm to the debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the creditor's motives, and any provocation by the debtor." *In re* Anderson, 430 B.R. at 889.

The bankruptcy court ordered Eldon Bugg to pay punitive damages in the amount of $2,000. In its oral ruling, the bankruptcy court stated that the punitive damages had been

> "occasioned by Mr. Eldon Bugg's consistent abdication of responsibility….He's not here today. He does not get the benefit of the doubt on credibility for his reasons for

14

not being here, given his constant assertions that he can't, his assertions of not knowing about prior hearings for which it is quite evident that he was very much aware, and his refusal to be here today, leaving his son essentially hung out to accept responsibility or, when appropriate, defer responsibility to Mr. Eldon Bugg, reflects clearly that he knew exactly what he was doing…."

The court did not make specific findings of fact as to Eldon Bugg's motive or egregious conduct in violating the stay. Eldon Buggs failure to appear at the June 10 trial does not satisfy the Eighth Circuit test of egregious, intentional misconduct. For these reasons, we conclude that the bankruptcy court abused its discretion in awarding punitive damages.

CONCLUSION

The bankruptcy court's determination that the stay had been violated and its award of actual damages is affirmed. Its award of punitive damages against Eldon Bugg is reversed.

_____